UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

                    Petitioner,

         -against-

PORT AUTHORITY POLICE
DEPARTMENT,

                   Respondent.

22-CV-6229 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently detained at the Anna M. Kross Center on Rikers Island. He filed a notice of removal of his criminal proceeding, *People v. Sabino*, Case No. 01504-2020, which is pending in the Criminal Term of the New York Supreme Court, New York County. The removed action was opened in this Court under docket number 22-CV-5025 (LTS), and it has since been remanded to state court.

In the 800-page notice of removal, Petitioner referred to 28 U.S.C. § 2241 and appears to challenge his custody based on, among other reasons, alleged violations of the Double Jeopardy Clause and his right to a speedy trial. It therefore appears that, although this filing was titled as a notice of removal, Petitioner may have intended to bring a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in addition to removing his criminal proceedings. On this basis, the Court directed, in the removed action under docket number 22-CV-5025 (LTS), that a new action be opened. Petitioner's application thus has been filed as a petition for a writ of *habeas corpus* under Section 2241 in this new action.

A petition for a writ of *habeas corpus* under Section 2241 is available to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A petition for a writ of *habeas corpus* under [Section] 2241 is generally

considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 20-CV-1707 (AJN) (SLC), 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020) (relying on *McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6 (2019) (noting that "a petition for a writ of *habeas corpus* . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, . . . including confinement pending trial before any conviction has occurred"(internal citation omitted)); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976) (characterizing pretrial application challenging state court retrial, following a mistrial, as a Section 2241 petition).[1]

Before recharacterizing an application brought under some other statute as a Section 2241 petition, the Court is obligated to inform Petitioner of the Court's intent to do so and allow him an opportunity to withdraw it. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) ("Future decisions of this court will more clearly delimit what constraints, if any, apply to the filing of a second or successive  § 2241 petition in our circuit.").[2] The Court therefore directs Petitioner to notify the Court in writing, within 30 days, whether he wishes to withdraw this application (ECF 2) rather than have it recharacterized as a Section 2241 petition.

---

[1] A section 2241 petition, however, cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973).

[2] For Petitioner's benefit, the Court notes that, before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton*, 532 F.2d at 294 ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

**CONCLUSION**

The Court directs Petitioner to notify the Court in writing, within 30 days, whether he wishes to withdraw this application (ECF 2) rather than have it recharacterized as a Section 2241 petition. For Petitioner's convenience, a declaration form is attached.

Petitioner's written response must be submitted to this Court's Pro Se Intake Unit within 30 days of the date of this order, and bear the same docket number as this order, 22-CV-6229 (LTS). If Petitioner does not wish to have the application recharacterized as a Section 2241 petition, or does not respond within 30 days (or seek an extension of time to respond), the Court will dismiss this action without prejudice.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

_____

Signature

_____

Name

_____

Prison Identification # (if incarcerated)

_____

Address

City

State

Zip Code

_____

Telephone Number (if available)

_____

E-mail Address (if available)